◼ CARMEN CRUZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [595 NYS2d 449] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered August 13, 1992, which, *inter alia,* denied defendant's motion for summary judgment, unanimously affirmed, without costs

Plaintiff's failure to supply the name of a notice witness was inadvertent, and defendant is not prejudiced because it has been given a further opportunity to depose plaintiff. Therefore, there is no need to preclude introduction of the witness' testimony at trial.

Summary judgment was properly denied since the witness' affidavit concerning the substance that allegedly caused the plaintiff's fall created a triable issue as to whether the defendant had actual or constructive notice. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Also Known as ERIC GILYARD, Appellant. [595 NYS2d 448] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered September 4, 1990, resentencing defendant, upon his plea of guilty to violating probation, to a term of 1 to 3 years for his conviction, upon his plea of guilty, of robbery in the second degree, to run consecutive to a term of 6 to 12 years imposed by the Supreme Court, Kings County, for his conviction of robbery in the first degree, the crime constituting the violation of probation, unanimously affirmed.

Defendant is not entitled to a reconstruction hearing of the 1984 proceeding relating to his sentence of probation because an appeal from a resentence, such as this, does not bring up for review the underlying judgment, which defendant had never appealed (CPL 450.30 [3]; *see, People v Lugo,* 176 AD2d 177). The imposition of a consecutive sentence was not unduly harsh. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.