■ LEOCADIO VINICIO et al., Respondents, v MARRIOTT CORPORATION, Appellant, et al., Defendant. (And a Third-Party Action.) [629 NYS2d 799] —In a negligence action, *inter alia*, to recover damages for personal injuries, the defendant Marriott Corporation appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated December 16, 1993, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed insofar as it is asserted against the Marriott Corporation.

The plaintiff Leocadio Vinicio was injured when he allegedly slipped and fell on grease on a ramp leading to a waste disposal area at LaGuardia Airport. The plaintiffs commenced this action against, among others, the Marriott Corporation (hereinafter Marriott), alleging, among other things, that it "negligently and carelessly maintained the ramp and negligently permitted a slippery, wet and slimy substance to ac-

cumulate on same". Marriott moved for summary judgment dismissing the complaint insofar as it is asserted against it. The Supreme Court denied the motion, finding that there were questions of fact. We now reverse.

The plaintiffs' claim that Leocadio Vinicio slipped on cooking grease utilized, and then transported to the dumpster, by Marriott employees, is purely speculative. Other than the injured plaintiff's conclusory assertion, there is no evidence that the substance upon which he fell was cooking grease. In any event, while the injured plaintiff claimed to have previously seen Marriott employees carrying bags of grease down the ramp, he admitted that he had never observed the bags leaking. Moreover, the waste disposal area and ramp upon which the injured plaintiff fell was not used exclusively by Marriott employees. Accordingly, employees of an entity other than Marriott could have dropped or spilled a slippery substance on the ramp.

Under such circumstances, Marriott was entitled to summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against it (*see, Bernstein v City of New York*, 69 NY2d 1020, 1022; *Earle v Channel Home Ctr.*, 158 AD2d 507, 508; *Felgenhauer v Atlantic & Pac. Tea Co.*, 94 AD2d 737). Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.