■ LOUISE KNIGHT, Respondent, v CERTIFIED OILS, INC., Also Known as CERTIFIED WASTE OILS, Appellant. (And a Third-Party Action.) [658 NYS2d 337] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau

County (Bucaria, J.), dated July 3, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On January 18, 1991, the plaintiff allegedly slipped and fell on a puddle of waste oil in the parking lot of the automobile dealership where she was employed. According to the plaintiff, the oil puddle was located near the access cap to an underground tank used to store waste oil. When the underground tank was full, the defendant was called to pump out the tank and remove the waste oil. Although it is undisputed that the defendant's last service call to the automobile dealership was made more than one month prior to the plaintiff's accident, she alleges that the defendant negligently created the oil spill while pumping waste oil out of the tank.

In order to establish liability in a slip and fall case, the plaintiff must demonstrate that the defendant either created the dangerous condition complained of, or had actual or constructive notice of it (see, Mercer v City of New York, 223 AD2d 688, affd 88 NY2d 955; Nedd v Associated Hosp. Servs., 236 AD2d 455). Here, while the plaintiff theorizes that the defendant negligently created a dangerous condition by spilling waste oil during its last service call prior to her accident, the record is devoid of any evidence that the defendant spilled oil on the ground during this service call, or on any previous occasion. Furthermore, the defendant's principal testified at his examination before trial that mechanics employed by the automobile dealership filled the storage tank by pouring waste oil into a pipe underneath the access cap, and the plaintiff noted at her deposition that oil "bubbled up" to the ground when the tank was full. Under these circumstances, a jury could not rationally infer that the defendant created the dangerous condition which caused the plaintiff's accident (see, Mercer v City of New York, supra; see also, Goldberg v Hoffenberg, 226 AD2d 424). O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.