(April 20, 1998)

■ CASIMIR AGBI, Appellant, v YORK INTERNATIONAL CORPORATION, Respondent. [671 NYS2d 319] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated January 30, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff claims that, on November 4, 1994, he slipped and fell in the subbasement of the Brooklyn Museum as the result of an accumulation of refrigerant oil, which, he surmises, had been spilled by an employee of the defendant during the servicing of a nearby "chiller", a part of the air-conditioning system. In support of its motion for summary judgment, the defendant produced evidence that the last time it had serviced this equipment in any way involving the use of oil was several weeks before the accident.

Under these and all of the other circumstances revealed in the record, we agree with the Supreme Court that the plaintiff failed to demonstrate any issue of fact as to whether, by its affirmative acts, the defendant created the particular condition which caused the plaintiff to slip and fall (*see, Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955; *Knight v Certified Oils,* 239 AD2d 391). The plaintiff's alternative hypothesis, that the oil had leaked, or had been spilled, from canisters which the defendant was contractually obligated to remove, is similarly unsupported by any evidence. In any event, any agreement on the part of the defendant to dispose of used oil did not constitute "a comprehensive and exclusive property maintenance obligation intended to displace [the landowner's] duty" (*Miranti v Town of Brightwaters,* 246 AD2d 518), so that there is no basis for the imposition of tort liability. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.