■ ROBERT GOODMAN, Respondent, v 78 WEST 47TH STREET CORP., Appellant, et al., Defendants. (And Other Actions.) [677 NYS2d 116] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 27, 1997, which, *inter alia*, denied defendant-appellant 78 West 47th Street Corp.'s cross-motion to dismiss the complaint and all cross-claims as against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against said defendant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff alleges that, while sightseeing on Sunday, July 14, 1991 at approximately 3:30 in the afternoon, he slipped on an oily substance on the sidewalk "in the vicinity of 47th Street and 6th Avenue, in the County of New York." The complaint recites that he was "traversing the public sidewalks located in front of or adjacent to said premises or place of business located at 78 West 47th Street" or, variously, "at 1196 6th Avenue" at the time of the accident, premises occupied by defendants 78 West 47th Street Corp. and Kaplan Jewelers, Inc., respectively.

Defendant Kaplan Jewelers moved to dismiss the complaint and all cross-claims against it on the ground that plaintiff had not identified the source of the oily substance, that the business did not use oil in its operations and that it was not open on Sundays. Defendant-appellant 78 West 47th Street Corp. similarly cross-moved for dismissal, pointing out that it also was not open for business on Sundays and that plaintiff, both

in his deposition testimony and as revealed through photographs, had actually identified the sidewalk in front of Kaplan Jewelers as the site of his fall.

In opposition to the motion to dismiss, plaintiff suggested that construction work being performed at the premises owned and occupied by appellant 78 West 47th Street Corp. was the cause of the oily substance on the sidewalk. He noted that appellant did not deny hiring AMD Construction to work on its property, and "[i]t is also not in dispute that defendant AMD hired the third-party defendant, Perfectaire, to perform certain demolition work upon an air conditioning system at said premises." Plaintiff surmised that the oil spilled from the compressor of an air conditioning unit as it was being moved to a dumpster located on the sidewalk.

It is plaintiff's theory that appellant, by virtue of its ownership and control of the premises, was impressed with a nondelegable duty to keep the sidewalk free from refuse and free from "putrescible waste" in compliance with Administrative Code of the City of New York §§ 16-118 and 19-123. While granting the motion of Kaplan Jewelers, Supreme Court denied appellant's cross-motion, finding that plaintiff had raised a question of fact with respect to the involvement of a contractor in appellant's employ in causing the dangerous condition of the sidewalk.

On appeal, appellant maintains that Supreme Court erred in declining to dismiss the complaint and cross-claims against it. It contends that there is no evidence to connect plaintiff's injury to any activity at the premises and that, in any event, it cannot be held liable for the acts of independent contractors.

Plaintiff's attempt to invoke the provisions of Multiple Dwelling Law § 78 is unavailing (*see*, *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559). "It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose" (*Otero v City of New York*, 213 AD2d 339, 339-340). "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner (*City of Rochester v Campbell*, 123 NY 405; *Roark v Hunting*, 24 NY2d 470, 475). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the sidewalk was constructed in a

special manner for the benefit of the abutting owner (*Clifford v Dam*, 81 NY 52), where the abutting owner affirmatively caused the defect (*Colson v Wood Realty Co.*, 39 AD2d 511, 512), where the abutting landowner negligently constructed or repaired the sidewalk (*id.*) and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*Willis v Parker*, 225 NY 159)" (*Hausser v Giunta*, 88 NY2d 449, 452-453; *see also*, *Bullard v Hitchcock Plaza*, 211 AD2d 511). The Administrative Code provisions relied upon by plaintiff are designed to promote sanitation, and plaintiff has supplied no authority that implicates the landowner in liability in the case of injury.

In *Mercer v City of New York* (223 AD2d 688, 689-690, *affd* 88 NY2d 955), the Appellate Division, Second Department, observed: "[T]he existence of a patch of oil or a slippery foreign substance on a floor does not, in and of itself, give rise to a cause of action sounding in negligence (*see*, *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 250, *affd* 64 NY2d 670, 671). To the contrary, the plaintiff must establish that the oil or foreign substance was present 'under circumstances sufficient to charge the defendant with responsibility therefor; in other words, to prove either that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act' (*Lewis v Metropolitan Transp. Auth.*, *supra*, at 250, quoting *Donohoe v Great Atl. & Pac. Tea Co.*, 277 App Div 739, 741)" (*see also*, *Knight v Certified Oils*, 239 AD2d 391). Plaintiff has presented a possible scenario for the presence of a greasy substance on the sidewalk but no concrete evidence to support his theory, and "the conclusory, self-serving and highly speculative allegations proffered by the plaintiff are insufficient to defeat" the motion for summary judgment (*Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 38 [fall on a purportedly slippery hallway floor]; *Knight v Certified Oils*, *supra* [alleged spill of waste oil during service call]).

Finally, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligence (*Kleeman v Rheingold*, 81 NY2d 270, 273; *Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668). Exceptions to this rule exist where the employer is negligent in selecting, instructing or supervising the contractor, where the contractor is employed to do work that is inherently dangerous or where the employer bears a specific nondelegable duty (*Kleeman v Rheingold*, *supra*, at

274)" (*Tytell v Battery Beer Distrib.*, 202 AD2d 226, 226-227; *see also, Rodriguez v C.F. Lex Assocs.*, 235 AD2d 354). The record is devoid of any indication that 78 West was negligent in hiring AMD Construction and Perfectaire, and the removal of an air conditioning system to a dumpster is hardly an inherently dangerous activity.

In short, plaintiff has not established the source of oil that caused the sidewalk to be hazardous. He has failed to identify the particular location of the abutting premises where the accident occurred. He has failed to demonstrate that any statute imposing liability for injury on the adjoining landowner has been violated. Finally, even crediting his speculation about the source of the oil, he has failed to show that appellant bears any responsibility for the alleged negligence of the independent contractors it engaged. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.