■ JOSEPH SEGRETTI et al., Respondents, v SHORENSTEIN COMPANY, EAST, L.P., et al., Appellants, et al., Defendant. [682 NYS2d 176] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 24, 1998, which denied defendants-appellants' motion and cross-motion for summary judgment, unanimously reversed, on the law, without costs, the motion and cross-motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff Joseph Segretti was injured on the morning of June 6, 1995 in the lobby of an office building located at 71 Broadway in the City and County of New York. After purchasing a bagel and coffee, plaintiff slipped and fell while crossing the lobby, sustaining injury to his hand. As he attempted to rise, plaintiff again began to slip, at which time he noticed an oily substance on the bottom of his shoes. However, plaintiff did not, either prior to or at the time of his fall, notice anything on the lobby floor itself.

Plaintiff commenced this action against defendants Champ Gourmet Croissant, Inc., the lessee that owns the coffee shop, Shorenstein Company, East, L.P., the manager of the shop, and Pritchard Industries, Inc., the contractor responsible for cleaning the building. Upon completion of discovery, Shorenstein moved for summary judgment dismissing the complaint. It is Shorenstein's position that plaintiff does not know the identity of the substance, how long it was on the floor or how it came to be there. Thus, Shorenstein contends, plaintiff has failed to make out a prima facie case of negligence. Defendants Pritchard and Champ cross-moved on similar grounds, arguing that they had neither actual nor constructive notice of the allegedly hazardous condition.

Plaintiff asserts that it is defendants' burden to establish the lack of actual or constructive notice. In any event, he maintains that notice of the condition, which he claims was a recurrent one, constitutes a triable issue of fact. Finally, plaintiff notes that he is not obliged to identify the specific substance that caused his injury.

The mere existence of a foreign substance, without more, is insufficient to support a claim of negligence (*see, Lewis v Met-*

*ropolitan Transp. Auth.*, 99 AD2d 246, 249-250, *affd* 64 NY2d 670). To establish a prima facie case, the plaintiff must show that the defendant either created a dangerous condition (*supra,* at 249) or had actual or constructive knowledge of the condition (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Furthermore, " '[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owners'] employees to discover and remedy it' " (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, quoting *Gordon v American Museum of Natural History, supra,* at 837). The burden may also be satisfied by providing evidence that an "ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*O'Connor-Miele v Barhite & Holzinger, supra,* at 106-107). However, a mere general awareness of some dangerous condition is legally insufficient to establish constructive notice (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

Defendants have met their burden of demonstrating the absence of notice as a matter of law. As the Appellate Division, Second Department, observed in *Mercer v City of New York* (223 AD2d 688, 689, *affd* 88 NY2d 955), "the existence of a patch of oil or a slippery foreign substance on a floor does not, in and of itself, give rise to a cause of action sounding in negligence" (*see also, Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, 386). While plaintiff is correct that he bears no burden to identify the substance that caused him to slip and fall (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295), mere speculation regarding causation is inadequate to sustain the cause of action (*see, Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 38; *Knight v Certified Oils*, 239 AD2d 391, 392; *Vinicio v Marriott Corp.*, 217 AD2d 656, 657). Plaintiff, who testified only to seeing "stuff" on the floor of the lobby, has merely established that there was an "oily substance" on his shoes with no known etiology. While surmising that it might have come from the garbage room located across the hall from defendant Champ, plaintiff testified that he never saw any substance emanating from that source (*cf., Hecker v New York City Hous. Auth.*, 245 AD2d 131 [large chip missing on stair]; *Montalvo v Western Estates*, 240 AD2d 45, 46 [leak from nearby dumpster and previous slick conditions]; *Colt v Great Atl. & Pac. Tea Co., supra,* at 295 [fall on vegetable debris in commonly littered produce aisle]). Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.