■ ANTONIO LEO, an Infant, by His Parent and Natural Guardian, PASQUALE LEO, et al., Respondents, v MT. ST. MICHAEL ACADEMY, Appellant. [708 NYS2d 372] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 15, 1999, which denied defendant's motion for summary judgment dismissing the complaint and for sanctions, unanimously modified, on the law, to the extent of granting the motion and dismissing the complaint and, except as so modified, affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The complaint alleges that, on October 23, 1995 at 11:00 A.M., Antonio Leo, then 16 years old, slipped on a stairway sustaining a severe sprain of the right ankle. At his examination before trial, the infant plaintiff alleged that the stairs were worn and that water accumulated from students tracking it in on their shoes because it was raining on the day of the accident.

In support of its motion for summary judgment dismissing the complaint, defendant submitted meteorological reports of readings for that date taken at Central Park, LaGuardia Airport and Dobbs Ferry, together with a radar report from the National Weather Service in Maryland. The accompanying affidavit of a meteorologist summarizes the reports, concluding that skies throughout the City, including the Bronx, were clear. Readings taken at 10:00 A.M. at LaGuardia Airport reflect cloudless conditions with a visibility of 15 miles, an unlimited ceiling, a temperature of 64 degrees and relative humidity of 48 percent.

Neither the notice of motion nor counsel's affirmation in support thereof states the statutory ground upon which summary judgment is sought. Appended to the moving papers is the transcript of the deposition of a fellow student, whose testimony directly contradicts the allegations of the complaint. The student stated that he was standing next to plaintiff when he fell, that there was no water on the steps at that time, and that he had never seen water on those particular steps at any time. The deposition testimony of defendant's maintenance supervisor indicates that he examined the area of the accident in March 1997, finding the subject stairs to be in "excellent" condition.

To make out a prima facie case of negligence, a plaintiff must

demonstrate either that the defendant created the alleged hazardous condition or that the defendant had actual or constructive notice of the defective condition and failed to correct it (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838). On this appeal, defendant correctly maintains that plaintiffs have offered no evidence to show that it had notice, either actual or constructive, of any dangerous condition so as to warrant the imposition of liability for plaintiff's injury.

Where a motion to dismiss is predicated on the failure to state a cause of action, the pleadings are construed in a light most favorable to the plaintiff, and the complaint is deemed to allege whatever can be fairly implied from its statements (*Arrington v New York Times Co.*, 55 NY2d 433, 442, *cert denied* 459 US 1146; *Dulberg v Mock*, 1 NY2d 54, 56). The credibility of the parties is not a proper consideration for the court weighing the sufficiency of the pleadings (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341), and the plaintiff's statements in opposition to the motion are accepted as true (*Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415) "unless the facts sworn to are patently untrue" (*Penato v George*, 52 AD2d 939, 941, *appeal dismissed* 42 NY2d 908). Where, as here, documentary evidence (CPLR 4528) conclusively establishes that an issue of fact is "not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441; *Carlin v Crum & Forster Ins. Co.*, 191 AD2d 373), it is appropriate to summarily resolve the matter (*American Realty Co. v 64 B Venture*, 176 AD2d 226, 227).

The documentary evidence refutes plaintiffs' claim that the rainy weather would have provided defendant with at least constructive notice of the alleged wet condition of the stairway. Nor does the testimony of the infant plaintiff that he observed a "blotchiness of the ceiling as like a water leak or something" constitute anything more than supposition. As we stated in *Segretti v Shorenstein Co.* (256 AD2d 234, 235), "mere speculation regarding causation is inadequate to sustain the cause of action (*see, Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 38; *Knight v Certified Oils*, 239 AD2d 391, 392; *Vinicio v Marriott Corp.*, 217 AD2d 656, 657)." Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.