■ THOMAS R. REIS et al., Respondents, v MYSTIC TRANSPORTATION, INC., Appellant, COASTAL OIL NEW YORK, INC., Defendant, and BAYSIDE FUEL OIL CORPORATION, Respondent. (And a Third-Party Action.) [719 NYS2d 601] —In an action to recover damages for personal injuries, etc., the defendant Mystic Transportation, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pincus,

J.), dated July 28, 1999, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Thomas R. Reis was injured while descending a metal rung ladder on an oil delivery truck owned by the defendant Mystic Transportation, Inc. (hereinafter Mystic). Shortly before the accident, Reis obtained an oil sample from the top of the truck during the course of his employment as an inspector for the New York City Housing Authority. At an examination before trial, Reis testified that he stepped in oil when he retrieved the sample and that the oil on his shoes caused him to slip on the ladder.

Mystic is entitled to summary judgment as a matter of law, as it made a prima facie showing that the accident was not caused by any negligence on its part (*see, Segretti v Shorenstein Co., E.,* 256 AD2d 234; *Agbi v York Intl. Corp.,* 249 AD2d 430; *Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955). The plaintiff failed to raise a triable issue of fact to defeat Mystic's prima facie showing of its entitlement to summary judgment (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.