RICHARD ACEVEDO, Respondent, v YORK INTERNATIONAL CORPORATION, Appellant. [818 NYS2d 83]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 29, 2005, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an operating engineer, alleges that he slipped on an oil spill in the engine room of the building where he was employed at the time of the accident. He testified that prior to starting his work shift at approximately 4:00 P.M. on the day of the accident, he saw three of defendant's employees in the engine room of the building. He stated that the York employees were there to retrofit the building's air conditioners and that they were pressure testing one of the units at the time he saw them. He further stated that he saw a number of five-gallon sealed drums of compressor oil stacked beside the air-conditioning unit. Around 7:00 P.M. that evening, he returned to

the engine room with a coworker, Rory Toner. At that time, plaintiff allegedly slipped on an oil spill and fell down a five-step staircase injuring himself.

As he sat on the floor, another coworker, Larry Montrevil, arrived. Mr. Montrevil subsequently testified that he, too, had seen York employees in the engine room after the start of his shift at 4:00 P.M. He stated that they were conducting pressure testing "which would have required the use of compressor oil." He also testified that when he came upon the accident, he saw an oily film on the floor, and that the oily film was in the "same area that I had seen the York employees working earlier that day."

Plaintiff additionally testified that coworker Rory Toner told him immediately after the accident that one of the York employees had earlier in the day asked him for a rag to clean up an oil spill. However, Mr. Toner was never deposed, gave no affidavit and could not even be located after the accident.

The motion court held that "there is no evidence in the record . . . that *anyone other than York* was using oil at the premises at or about the time of plaintiff's accident" (emphasis added). This holding is erroneous, and for the reasons set forth below, we reverse.

First, plaintiff is not asserting res ipsa loquitur. Second, upon review of the record, we do not find any admissible evidence that York employees were using oil at the premises prior to plaintiff's accident.

We have consistently held that in order for a plaintiff to establish a prima facie case of negligence, he or she must show that the oil or foreign substance was "present under circumstances sufficient to charge the defendant with responsibility therefor" (*Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, 386 [1998] [internal quotation marks and citations omitted]; *see Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 250 [1984], *affd* 64 NY2d 670 [1984]). In other words, we have required proof that the defendant either had actual or constructive knowledge of the dangerous condition or proof that defendant caused the condition to be created. Thus, we have rejected mere speculation as inadequate to sustain the cause of action (*Segretti v Shorenstein Co., E.*, 256 AD2d 234 [1998]).

In *Goodman*, we found that the plaintiff presented only a *"possible scenario"* that construction work being performed in a store was the cause of an oily substance on the sidewalk where plaintiff slipped (253 AD2d at 385-386 [emphasis added]). We found that the plaintiff "surmised" that the oil spilled from the compressor of an air-conditioning unit as it was being moved but offered no concrete evidence to support the theory (*id.*).

In *Segretti*, a plaintiff who slipped in the lobby of an office building noticed an oily substance on his shoes and surmised that it had come from the garbage room across the hall. We granted summary judgment to the defendant holding that "mere speculation regarding causation is inadequate to sustain the cause of action" (256 AD2d at 235).

Likewise, in this case, there is only speculation, surmise, and an inadmissible hearsay statement that the oil spill that allegedly caused plaintiff to slip was created by York employees. The record is devoid of any evidence, statement, or testimony that York employees were using oil while working in the engine room on the day of the accident, much less that they "created" the alleged spill which caused plaintiff's injury.

Neither plaintiff nor Mr. Montrevil, both of whom testified to seeing the York employees in the engine room, make any claim that they observed the York employees using oil or working with oil. The testimony about the use of compressor oil was limited to their general belief that as part of the retrofitting of the air-conditioning unit, the compressor oil would be changed. Further, both testified that they saw compressor oil in the engine room in sealed metal drums beside the air-conditioning unit but there was no evidence or testimony that the drums were unsealed or observed to be unsealed at any time prior to or immediately after the accident.

In fact, plaintiff conceded at his deposition that he did not see the oil before he slipped and that he did not test the oil which allegedly caused his fall to determine whether it was, in fact, compressor oil. He also acknowledged that lubricant oil was kept in the engine room by his own employer, the managing agent of the building.

In *Segretti* (*supra*) in which we dismissed the plaintiff's complaint, we looked to a Second Department case that is very similar to the case at bar. In *Vinicio v Marriott Corp.* (217 AD2d 656 [1995]), the plaintiff allegedly slipped and fell on cooking grease on a ramp leading to a waste disposal area at LaGuardia airport. He commenced an action against Marriott, among others, claiming that it was Marriott employees who had transported the cooking grease to the dumpster.

The Second Department found that the allegation was merely a conclusory assertion, stating, "there is no evidence that the substance upon which he fell was cooking grease" (at 657). The Court further observed that, "[i]n any event, while the injured plaintiff claimed to have previously seen Marriott employees carrying bags of grease down the ramp, he admitted that he had never observed the bags leaking. Moreover, the waste disposal

area and ramp upon which the injured plaintiff fell was not used exclusively by Marriott employees" (*id.*).

In fact, the only evidence that even remotely connects York employees to an oil spill in this case is the inadmissible hearsay statement of Rory Toner who allegedly informed plaintiff that one of the York employees had asked him for some rags to clean up an oil spill on the floor.

It is true, as the dissent points out, that hearsay evidence may be properly considered by the motion court on a summary judgment motion where it is not the sole basis for the court's denial of summary judgment to the defendant. However, in this case, in the absence of any other evidence purporting to establish that York employees used oil or spilled the oil upon which plaintiff claims to have slipped, the hearsay statement, in fact, does appear to be the sole basis for the motion court's denial of summary judgment to defendants.

In any event, even if the hearsay statement was properly used to raise an issue of fact as to whether York employees had spilled oil, plaintiff still failed in bridging the gap as to causation. On plaintiff's own admission, the slip and fall happened approximately 30 feet from the compressor of the air-conditioning unit on which the York employees were working.

Thus, plaintiff's allegation that York employees created the spill that caused his slip and fall is only a possible scenario based on speculation and surmise, and plaintiff raises no triable issues of fact. Concur—Saxe, Nardelli and Catterson, JJ.

Andrias, J.P., dissents in a memorandum as follows: Because plaintiff has presented sufficient evidence, albeit circumstantial, that defendant's employees left oil on the floor in the vicinity of plaintiff's fall, I would affirm the denial of defendant's motion for summary judgment.

Plaintiff was allegedly injured when he slipped on oil and fell down a set of stairs in the engine room where defendant's employees had been observed working on the building's air-conditioning system. Although some of the plaintiff's submissions contained hearsay, including his statement that his coworker Rory Toner had told him that earlier that afternoon one of defendant's employees "had asked him for some cleaning rags because they had spilled some oil on the floor" in the engine room, such evidence was properly considered by the motion court since it was not the sole basis for the court's determination denying summary judgment (*see Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540, 541 [1981]). The court also had before it an affidavit from another of plaintiff's coworkers, Larry Montrevil, who stated that prior to the ac-

cident he saw defendant's employees working on and conducting pressure testing of the air conditioner in the engine room, a task which would have required the use, removal and disposal of compressor oil. He also stated that, moments after plaintiff's fall, he arrived in the engine room and when he "looked at the floor in the location where [plaintiff] had slipped, [he] saw that it was covered with a film of oil. The oil was very difficult to see on the floor, but when [he] checked it out it was very slippery." He concluded: "The oily film on the floor was in the same area that I had seen the York employees working earlier that day." The court's consideration of Mr. Montrevil's affidavit was not improper. Although he had not previously been identified as a witness and his affidavit was submitted after the note of issue had been filed, there is no claim of prejudice to defendant and no indication that plaintiff willfully disobeyed a disclosure obligation (*see Rancano v Chase Manhattan Bank*, 273 AD2d 51 [2000]; *see also Cruz v New York City Hous. Auth.*, 192 AD2d 322 [1993]). Defendant was well aware that Mr. Montrevil was present immediately following the accident since plaintiff referred to him several times during his deposition and his first name was in the engine room's logbook.

Accordingly, the motion court properly denied defendant's summary judgment motion since there are triable issues as to whether defendant created and failed to remedy the defective condition (*cf. Agbi v York Intl. Corp.*, 249 AD2d 430 [1998]).