■ ELLEN MANDEL et al., Respondents, v 370 LEXINGTON AVENUE, LLC, et al., Appellants. [820 NYS2d 249]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 4, 2006, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Ellen Mandel was injured while working in a storage room leased to Steven J. Mandel PC, a law firm operated by her husband, plaintiff Steven Mandel. The room contained about ten partitions, used to form office cubicles, each about six feet high, which were allegedly the property of the building and which were stacked together, leaning up against one of the walls. In connection with a contemplated move to larger offices, the law firm placed furniture, cabinets, desks, tables, chairs and cartons in the storage space, which was enclosed by cement walls and chain-link fencing. No one from the building, which is owned by defendant 370 Lexington Avenue, LLC, and managed by defendant Murray Hill Properties, supervised or assisted with the placement of items into storage, after which the door to the storage room was padlocked by Steven Mandel.

On the date of the accident, plaintiff Ellen Mandel was taking inventory of the stored items, which involved opening the cartons and organizing their contents. As she worked on cartons within about three feet of the partitions, she was struck by a piece of glass from the top of a table, owned by the law firm, with the result that her arm "was sliced down to the bone," requiring two surgeries to restore her ability to open her left hand. She testified that she remembered the partitions "like moving like sort of shifting," and then looking down and seeing her arm cut open but, she stated, "I have no memory of it actually happening." She further stated that she never saw the glass tabletop at any time prior to the accident.

Defendants moved to dismiss the complaint on the ground that there is no evidence that they either created or had notice of any hazardous condition that contributed to Ellen Mandel's injury; nor could plaintiffs offer more than speculation as to the cause of the injury. In opposition, plaintiffs argued that there are issues of fact with respect to the ownership of the partitions and defendants' knowledge or creation of the hazard that they presented. Supreme Court, while acknowledging that plaintiffs could not "adequately describe just how the accident happened," denied the motion, stating, "Both parties shared the space and . . . one or the other may be negligent or both of them may share the negligence."

To subject a property owner to liability for a hazardous condition on the premises, a plaintiff must demonstrate that the owner either created the alleged hazardous condition or had actual or constructive notice of the condition (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). " 'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owner's] employees to discover and remedy it' " (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106 [1996], quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Plaintiffs herein have established only the presence of the partitions in the storage area. They have failed to advance any evidence that the partitions presented a hazard and, if so, whether the hazard was visible and apparent so as to permit discovery and impose upon defendants the duty to take remedial action (*id.*). It is clear that plaintiffs, particularly Ellen Mandel who was working within a few feet of the partitions, failed to recognize that their placement represented a danger that should be avoided. Plaintiffs can only speculate that movement of the partitions, as opposed to movement of the storage boxes in proximity to the partitions, somehow caused the glass tabletop to fall and break. Furthermore, there is no evidence that the tabletop was anywhere near the partitions.

A prima facie case of negligence must be based on something more than conjecture; "mere speculation regarding causation is inadequate to sustain the cause of action" (*Segretti v Shorenstein Co., E.*, 256 AD2d 234, 235 [1998]). Conclusory allegations unsupported by evidence are insufficient to establish the requisite notice for imposition of liability (*see e.g. Morales v Foodways, Inc.*, 186 AD2d 407 [1992]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.