■ AVONIA BECKFORD, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [922 NYS2d 72]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 5, 2009, which granted defendants' motions for summary judgment dismissing plaintiff's complaint, unanimously affirmed, without costs.

In this personal injury action, plaintiff, a tenant in an apartment house owned by defendant New York City Housing Authority (NYCHA), alleges that, while attempting to enter the bathtub in her apartment, she lost her balance and fell into the tub when a grab handle, which had been affixed to the side of the tub, broke off as she took hold of it. Plaintiff alleges that, when she vacated her apartment while asbestos abatement work was being performed as part of overall renovation work at the building, the subject handle, originally installed by Medicaid approximately eight years earlier, had been removed, then reinstalled by either defendant Abatech or Danco.

Defendants established prima facie entitlement to judgment as a matter of law by showing that they did not alter, remove or reinstall the handle, or have notice of any dangerous or defective condition with respect to the handle (see Segretti v Shorenstein Co., E., 256 AD2d 234, 235 [1998]).

In opposition, plaintiff failed to raise an issue of fact. In particular, plaintiff was unable to identify which, if any, defendant caused the handle to become loose. "[S]peculation regarding causation is inadequate to sustain the cause of action" (Segretti, 256 AD2d at 235; see also Mandel v 370 Lexington Ave., LLC, 32 AD3d 302, 303 [2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.