■ WILLIAM RUBINO et al., Respondents, v 330 MADISON COMPANY, LLC, et al., Appellants, and W5 GROUP LLC, Doing Business as WALDORF DEMOLITION, et al., Respondents. 330 MADISON COMPANY, LLC, et al., Third-Party Plaintiffs-Appellants, v WALDORF DEMOLITION et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (And Other Third-Party Actions.) [56 NYS3d 55]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered July 18, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the Labor Law § 241 (6) claim as against defendants 330 Madison Company, LLC and Tishman Construction Corp. (collectively appellants), granted the motion of defendant Michael Mazzeo Electric Corp. (Mazzeo) for summary judgment dismissing appellants' contractual and common-law indemnification and contribution claims against it, and granted the cross motion of defendant W5 Group LLC d/b/a Waldorf Demolition (Waldorf) for summary judgment dismissing appellants' contractual indemnification claim against it, unanimously modified, on the law, to deny Waldorf's motion, and otherwise affirmed, without costs.

The court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 241 (6) claim as against appellants. It is undisputed that violations of Industrial Code (12 NYCRR) § 23-1.13 (b) (3) and (4) proximately caused the

injuries sustained by plaintiff when a metal part of his safety harness contacted a live electrical wire, known as a BX cable, which was hanging down from a drop ceiling of a building under renovation. Appellants, as owner and general contractor, may be held liable for violation of those provisions, even though they impose obligations on the employer, since they have a nondelegable duty to provide adequate safety protections (see Rivera v Ambassador Fuel & Oil Burner Corp., 45 AD3d 275 [1st Dept 2007]; Johnson v Ebidenergy, Inc., 60 AD3d 1419 [4th Dept 2009]). Appellants fail to point to any evidence that would support a finding that plaintiff was comparatively negligent, since he was acting pursuant to his foreman's instructions and neither knew nor should have known that the cable was electrified, in the absence of any warnings, caution tape, or other such indications that workers should avoid the area (cf. Snowden v New York City Tr. Auth., 248 AD2d 235, 237 [1st Dept 1998]). Appellants' assertion that they lacked notice of the presence of the exposed, electrified cable is irrevelant, "[s]ince an owner or general contractor's vicarious liability under section 241 (6) is not dependent on its personal capability to prevent or cure a dangerous condition" (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]).

The court properly dismissed appellants' contractual and common-law indemnification and contribution claims against Mazzeo. Appellants' theory that Mazzeo negligently installed the wiring in the area of the accident more than one year before the accident occurred is speculative, in light of other work performed by other subcontractors in the period following the completion of Mazzeo's work (see Bernstein v City of New York, 69 NY2d 1020, 1021-1022 [1987]; see also Beckford v New York City Hous. Auth., 84 AD3d 441 [1st Dept 2011]; cf. Fiorentino v Atlas Park LLC, 95 AD3d 424, 427 [1st Dept 2012]).

The court should have denied as untimely Waldorf's cross motion for summary judgment dismissing appellants' contractual indemnification claim against it without considering the merits, since the motion was filed after the applicable deadline and Waldorf failed to show good cause for the delay (see Brill v City of New York, 2 NY3d 648 [2004]). Waldorf's purported cross motion against appellants, nonmoving parties, was not a true cross motion (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 87-88 [1st Dept 2013]), and did not merely raise issues "nearly identical" to those raised by plaintiffs and Mazzeo in their timely motions (Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 628 [1st Dept 2015] [internal quotation marks omitted]). Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.