Schonbrun v Marjep Realty Corp. (2018 NY Slip Op 01494)





Schonbrun v Marjep Realty Corp.


2018 NY Slip Op 01494


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
L. PRISCILLA HALL
HECTOR D. LASALLE, JJ.


2017-00005
 (Index No. 17604/14)

[*1]Jerry Schonbrun, respondent, 
v
Marjep Realty Corp., defendant, Forsythe Cosmetic Group, Ltd., appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas Hurzeler and Meghan Cavalieri of counsel), for appellant.
Feldman, Kramer & Monaco, P.C., Hauppauge, NY (Leonard B. Chipkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Forsythe Cosmetic Group, Ltd., appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated October 4, 2016, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Forsythe Cosmetic Group, Ltd., for summary judgment dismissing the complaint insofar as asserted against it is granted.
In January 2014, the plaintiff allegedly was injured in a warehouse in Freeport when, according to the plaintiff's affidavit, "something disturbed" a steel beam, one of several that allegedly had been left leaning against a wall three years earlier, causing it to fall and strike him. The incident occurred in a portion of the warehouse that had previously been occupied by the defendant Forsythe Cosmetic Group, Ltd. (hereinafter Forsythe), but which had remained vacant in the three years since Forsythe vacated the premises in February 2011. The plaintiff commenced this action against the owner of the warehouse and Forsythe. Forsythe moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and Forsythe appeals.
Forsythe established, prima facie, that it did not create a dangerous condition on the premises and that nothing it did proximately caused the plaintiff's injuries. In opposition, the plaintiff failed to raise a triable issue of fact. Specifically, the allegations of the plaintiff's affidavit were too vague to permit a factfinder to determine, without resorting to speculation, that the alleged placement of the beams by Forsythe's employees constituted a dangerous condition that proximately caused the plaintiff's injuries (see Beckford v New York City Hous. Auth., 84 AD3d 441, 441; Mandel v 370 Lexington Ave., LLC, 32 AD3d 302, 303; see also Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866). Accordingly, the Supreme Court should have granted Forsythe's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., BALKIN, HALL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court