**De Paz v LEMX Corp.**

2025 NY Slip Op 30195(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 160251/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                PART            **33M**

                                    *Justice*

-------------------------------------------------------------------X

JOEL DE PAZ,

                              Plaintiff,

                    - v -

LEMX CORP., 30 EAST 85TH STREET COMPANY,
LLC,WALLACK MANAGEMENT, CO., INC.,THE BOARD
OF MANAGERS OF THE 30 EAST 85TH STREET
CONDOMINIUM, THE 30 EAST 85TH STREET
CONDOMINIUM,

                              Defendant.

-------------------------------------------------------------------X

LEMX CORP.

                              Plaintiff,

                    -against-

PHOENIKS INC.

                              Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160251/2020 |
| MOTION DATE | 04/08/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595888/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 145, 146, 147, 148, 150, 151, 152, 153, 154, 155, 161, 163, 164, 165

were read on this motion to/for                JUDGMENT - SUMMARY                .

Upon the foregoing documents, and after a final submission date of September 19, 2024, Plaintiff Joel De Paz's ("Plaintiff") motion for summary judgment on the issue of liability against all Defendants on his Labor Law 241(6) claim is granted.

## I.    Background

This is an action for personal injuries sustained by Plaintiff on November 11, 2020 at 30 East 85th Street, New York, New York (the "Premises") (NYSCEF Doc. 123 at 37-8; 58). The Premises are owned by the Defendant Board of Managers of the 30 East 85th Street Condominium

[* 1]

("Board") and the Premises were managed by Defendant Wallack Management Company ("Wallack Management") (NYSCEF Doc. 124). Defendant LEMX Corp. ("LEMX") was a general contractor retained by the Board to conduct façade repair work.

Plaintiff was working for Third-Party Defendant Phoeniks Inc., a subcontractor of LEMX, at the time of the accident (NYSCEF Doc. 126 at 45-46). When Plaintiff removed a metal pipe it touched a live electrical wire, which sent shock waves through Plaintiff's body and made him fall. Plaintiff testified he saw the loose wire after he fell. According to a representative of Wallack, LEMX was responsible for installing the lighting (NYSCEF Doc. 124 at 59-60) and admitted that the lighting should have been disconnected prior to dismantling the sidewalk shed. Plaintiff now seeks summary judgment on his Labor Law 241(6) claim predicated on violations of Industrial Code § 1.13(b).

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As held by the Court of Appeals, Labor Law § 241(6) imposes a non-delegable duty upon an owner and general contractor to "respond in damages" if a worker engaged in construction is injured due to inadequate safety and protection, even if the worker sustains an injury because of

**160251/2020   JOEL DE PAZ, vs. LEMX CORP., ET AL**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

another party's negligence (*Rizzuto v L.A. Wenger Contracting Co.,* 91 NY2d 343, 350 [1998]). A general contractor is not absolved of liability for lack of notice of a dangerous condition or for lack of an opportunity to cure the dangerous condition (*Gallina v MTA Capital Construction Company,* 193 AD3d 414 [1st Dept 2021] citing *Rubino v 330 Madison Co., LLC,* 150 AD3d 603, 604 [1st Dept 2017]). Industrial Code § 1.13 is titled "Electrical Hazards" and requires employers to identify and warn workers where an exposed or concealed electric power circuit may exist on the worksite. (*see* 12 NYCRR 23-1.13[b][3]). It further prohibits employers from allowing employees to work dangerously close to electric power circuits unless the employee is protected from electrocution by deenergizing the circuit and grounding it, or by guarding the circuit by use of insulation (12 NYCRR 23-1.13[b][4]).

Plaintiff's motion for summary judgment is granted. Plaintiff met his prima facie burden through his undisputed testimony that he was launched backwards by an electrical shock while removing metal rods from a sidewalk shed (*Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc.,* 170 AD3d 509 [1st Dept 2019]; *DelRosario v United Nations Federal Credit Union,* 104 AD3d 515 [1st Dept 2013]). All witnesses agree that the electricity should have been shut off while Plaintiff was working, and no party has produced evidence showing that the electricity was shut off. Plaintiff's testimony was unwavering in that he was injured because the metal rod he was holding electrified by contacting a live wire, and there is no evidence to the contrary.

Likewise, the "integral to the work" defense raised is inapplicable to this case. This defense applies to conditions which are an integral part of construction (*Krzyanowski v City of New York,* 179 AD3d 479 [1st Dept 2020]). It applies when eliminating the allegedly defective condition "would be impractical and contrary to the very work at hand" (*Sinai v Luna Park Housing Corp.,* 209 AD3d 600 [1st Dept 2022]). All witnesses agree that the electrical wiring should have been

160251/2020   JOEL DE PAZ, vs. LEMX CORP., ET AL
Motion No. 003

Page 3 of 4

removed or shut off prior to removal of the sidewalk shed. The undisputed facts of this case are inapposite of the integral to the work defense. Therefore, Plaintiff's motion is granted.

Accordingly, it is hereby,

ORDERED that Plaintiff is granted summary judgment as to liability on his Labor Law § 241(6) claims predicated on violations of Industrial Code §§1.13(b)(3) and (b)(4) against Defendants LEMX Corp., 30 East 85th Street Company, LLC, Wallack Management, Co., Inc., the Board of Managers of the 30 East 85th Street Condominium, and the 30 East 85th Street Condominium; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/16/2024 | | | | _May V Rosado JSC_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |