Chiu Shing Tsang v Ng (2025 NY Slip Op 00800)

Chiu Shing Tsang v Ng

2025 NY Slip Op 00800

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 150886/22 Appeal No. 3660 Case No. 2024-02136 

[*1]Chiu Shing Tsang, Plaintiff-Appellant,
v
John W. Ng, Defendant-Respondent.
John W. Ng, Third-Party Plaintiff-Respondent,
v
Wahcheuno Trading Inc., et al., Third Party Defendants-Respondents.

Law Offices of Wade T. Morris, Brooklyn (Wade T. Morris of counsel), for appellant.
Miller, Leiby & Associates, New York (Oana Brebenel of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered March 22, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff alleges that he tripped and fell on a large crack in a public sidewalk located in front of 129 Mott Street, which is owned by defendant and leased by third-party defendants.
The Google Map images submitted by plaintiff are admissible pursuant to CPLR 4532-b, as they were properly dated and provided to defendant with notice of plaintiff's intent to use them at trial with 30 days' notice, notwithstanding plaintiff erroneously labeling the notice pursuant to CPLR 4511(c). Plaintiff also properly authenticated the surveillance video by attesting that it was a fair and accurate depiction of the accident (see Read v Ellenville Natl. Bank, 20 AD3d 408, 409 [2d Dept 2005]), and the YouTube videos by submitting affidavits of the creators of the videos stating that the videos fairly and accurately depicted the subject location, and that the recordings were complete, accurate and had not been altered (see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]). However, the video of the loose segment of cement in the sidewalk upon which plaintiff allegedly tripped was not properly authenticated, despite plaintiff's statement that it was a fair and accurate portrayal of the defective condition, as there is no indication that plaintiff was present when the video was taken, nor is there an affidavit from the creator of the video stating that it was complete, accurate, and had not been altered (see Zegarelli at 69; Nicaj v Bethel Woods Ctr. for the Arts, Inc., 189 AD3d 485 [1st Dept 2020]).
Section § 7-210 of the Administrative Code of the City of New York imposes a nondelegable duty on property owners to "maintain city sidewalks abutting their land in a reasonably safe condition" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169 [2019]). The statute does not impose strict liability, and, thus, a plaintiff must still prove the elements of negligence to hold an owner liable (id. at 171; see Vargas v Weishaus, 199 AD3d 620, 623-624 [1st Dept 2021]).
Considering the Google Map images, the YouTube videos, and the surveillance video, together with plaintiff's affidavit and his expert's affidavit, plaintiff failed to eliminate all issues of fact as to whether defendant created, or otherwise had actual or constructive notice of, the defective condition that allegedly caused his accident (see Acevedo v York Intl. Corp., 31 AD3d 255, 257 [1st Dept 2006], lv denied 8 NY3d 803 [2007]). Plaintiff does not submit any Google images between June 2019, when the alleged defect is not readily apparent, and August 2021, the month the accident occurred. The surveillance video of the accident is too blurry to offer a reliable view of how the accident occurred, and the quality of the YouTube videos from 2020 is not sharp enough to [*2]establish that the visible crack presented a hazardous condition. The affidavit of plaintiff's expert, who did not personally inspect the accident site, but instead based his opinions on the Google images and videos, was insufficient to demonstrate, prima facie, that defendant had constructive notice of the alleged defect (see Roa v City of New York, 188 AD3d 504, 504-505 [1st Dept 2020]; see also Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518 [2d Dept 2021]).
Furthermore, plaintiff's motion for summary judgment before defendant had the opportunity "to depose the parties who would have knowledge concerning the relevant issues in this action" was premature (Guzman v City of New York, 171 AD3d 653, 653 [1st Dept 2019]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025