Ametek, Inc. v Goldfarb (2025 NY Slip Op 03966)

Ametek, Inc. v Goldfarb

2025 NY Slip Op 03966

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Index No. 656948/21|Appeal No. 4654-4655-4656-4657-4658-4659|Case No. 2024-07029, 2024-07030, 2024-07031, 2024-07295, 2025-00650, 2025-01538|

[*1]Ametek, Inc., et al., Plaintiffs-Respondents,
v
Andrew Goldfarb, etc., et al., Defendants-Appellants.

Dorf Nelson & Zauderer LLP, New York (Mark C. Zauderer of counsel), for appellants.
Morgan Lewis & Bockius LLP, New York (Randall M. Levine of counsel), for respondents.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered March 12, 2025, awarding judgment in favor of plaintiffs Ametek, Inc. and HCC Industries, Inc. (together, Ametek) against defendants Andrew Goldfarb, Denise Goldfarb, and Steven Goldfarb (collectively, the Goldfarbs) in the amount of $7,575,298.00, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 17, 2025, which denied defendants' motion for an order deeming plaintiffs' motion abandoned pursuant to 22 NYCRR 202.48(a) and opposing the execution of a judgment and severing the claims not previously adjudicated, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from orders, same court and Justice, entered May 30, 2024, June 10, 2024, and September 12, 2024, which, inter alia, granted plaintiffs' motion for summary judgment dismissing defendants' counterclaim for reformation, granted plaintiffs' motion to strike defendants' jury demand, and granted plaintiffs' motion for summary judgment on the breach of contract cause of action against defendants, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered August 11, 2023, which, to the extent appealed from, denied defendants' motion to compel certain tax-related information, unanimously affirmed, with costs.
In 2005, Ametek purchased certain manufacturing property from the Goldfarbs. The property was located in an EPA superfund site which was being remediated pursuant to a consent decree. The sale was subject to indemnity obligations, which required the Goldfarbs to reimburse Ametek for certain costs associated with the environmental clean-up. The record reflects that Ametek regularly forwarded budgets, implementation schedules, technical work plans, regulatory approvals, and invoices to the Goldfarbs concerning the $7,575,298 in remediation work being performed. Thus, Supreme Court correctly found that Ametek fulfilled its obligation to keep the Goldfarbs informed at a reasonable frequency and did not interfere with the Goldfarbs' co-management rights with regard to the remedial work.
The affidavits submitted by the Goldfarbs in opposition to Ametek's summary judgment motion were flatly contradicted by the documentary evidence (see Leo v Mt. St. Michael Academy, 272 AD2d 145, 146 [1st Dept 2000]; Matter of Urban, 222 AD3d 1088, 1091 [3d Dept 2023]). Contrary to the assertions of the Goldfarbs and their expert, Ametek did not agree to cease work, nor could they cease that work, which the EPA had mandated under approved action plans. "[E]xpert witnesses should not be called to offer opinion as to the legal obligations of parties under a contract; that is an issue to be determined by the trial court" (Good Hill Master Fund L.P. v Deutsche Bank AG, 146 AD3d 632, 637 [1st Dept 2017]; quoting Colon v Rent-A-Center, 276 AD2d 58, 61 [1st Dept 2000]).
The court correctly denied the Goldfarbs' [*2]motion to compel Ametek to disclose its tax returns because the "amount of losses paid" under the indemnity cap refers to the amount paid by the Goldfarbs and is not the amount Ametek received in post-tax value. If the parties wanted the cap to be calculated in that manner, the contract would have so provided (see Vermont Teddy Bear Co., Inc. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
Finally, the Goldfarbs waived their right to a jury by asserting equitable counterclaims (see Cannon Point N., Inc. v City of New York, 87 AD3d 861, 865 [1st Dept 2011]; Hudson View II Assoc. v Gooden, 222 AD2d 163, 167 [1st Dept 1996]; Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845, 847 [1st Dept 1990]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025