■ EDUARDO CARABALLO, Appellant, v KINGSBRIDGE APT. CORP., Respondent. [873 NYS2d 299]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered November 15, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when he allegedly slipped on an interior stairway step in defendant's apartment building, causing him to fall and land on a platform several steps below. Following defendant's prima facie showing of entitlement to summary judgment, plaintiff failed to raise a triable issue of fact as to whether defendant's negligence caused plaintiff's injury. During his 2005 deposition, plaintiff was unable to identify any dangerous condition that caused him to slip, stating that he did not see any water on the step where he slipped and only saw a "puddle" on the platform where he finally landed. While plaintiff introduced two tenants' affidavits that alleged general wetness on the staircase following rainfall, these affidavits not only directly contradicted plaintiff's sworn testimony two years earlier, but failed to mention any complaints made by the affiants to defendant concerning such alleged conditions. Such self-serving affidavits denote an effort to avoid the consequences of plaintiff's earlier testimony and are insufficient to defeat defendant's motion for summary judgment. (*See Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327, 327-328 [2006]; *Harty v Lenci*, 294 AD2d 296, 298 [2002]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000].) Further, mere speculation and conjecture, rather than admissible evidence, is insufficient to sustain the action (*see Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302, 303 [2006]; *Kane v Estia Greek Rest.*, 4

AD3d 189, 190 [2004]; *Segretti v Shorenstein Co., E.*, 256 AD2d 234, 235 [1998]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.