OPINION OF THE COURT
Edward A. Maron, J.
*753 Plaintiff (wife) moves by order to show cause dated April 19, 2012 seeking an order (a) awarding wife summary judgment as a matter of law; (b) granting a judgment of absolute divorce in favor of wife, dissolving the marriage between wife and defendant (husband), upon the ground of an irretrievable breakdown of the marriage for a period of at least six months; (c) incorporating by reference the terms of the written agreement of separation entered into between the parties on April 18, 2011, such that same shall survive and not be merged into the judgment of divorce; and (d) directing husband to reimburse wife the reasonable counsel fees and costs incurred by her in connection with the instant motion.
Background
The parties were married on July 2, 1994, and there are two children of the marriage, to wit: L. and S.
On or about September 1, 2009, wife commenced an action for divorce, which was resolved pursuant to a separation agreement executed and acknowledged by the parties on April 18, 2011.
On or about January 17, 2012, wife commenced the instant action for divorce, by the filing of a summons and verified complaint, upon the grounds set forth in Domestic Relations Law § 170 (7), an irretrievable break down of the marriage for a period of six months. Wife further requested that the court incorporate the terms of the separation agreement into a judgment of divorce.
Despite the unrefuted fact that the parties have lived separate and apart from each other for a period of over six months, and that the separation agreement states on the first page that “as a result of certain disputes and irreconcilable differences arising between them, the parties have decided to separate and live separate and apart for the rest of their natural lives,” husband interposed a verified answer and counterclaim denying wife’s grounds for divorce.
All financial issues, custody, visitation, and ancillary issues were fully resolved by the separation agreement. Article XXVI of the agreement, titled “Future Divorce Based on Agreement,” provides that
“[i]n addition to any other ground for divorce which either party may presently have or may hereafter acquire, the parties have been advised that the execution of this Agreement and the filing of it, or a *754 memorandum of it, in the office of the County Clerk, in the county where either party may give rise to a ground for divorce which may be asserted by either party if they live separate and apart for a period of one or more years and if the party who seeks such divorce has substantially performed his or her obligations under this Agreement.”
Wife states that her decision to file this action was based upon husband’s multiple violations of the separation agreement.
In opposition to wife’s motion, husband argues that at the time they entered into the separation agreement, it was the parties’ intent to live pursuant to said agreement for a period of at least two years, so that he could continue to receive health benefits. He does not cite any provision in the agreement requiring the parties to remain separated and living under the agreement for at least two years.
Husband has counterclaimed for specific performance of article VII of the separation agreement, which provides that
“[i]n compliance with D.R.L. § 255, the parties have provided for the for the [sic] future coverage of each party as follows: The Wife agrees to keep and maintain in full force and effect the health insurance coverage which is provided to her by virtue of her current employment. The Wife’s obligation to provide such insurance to the Husband shall terminate upon the first occurrence of any of the following conditions:
“(1) The Husband obtains medical insurance for himself or becomes eligible for Medicare;
“(2) The cost to the Wife of insurance increases by 10% or more from the current cost to the Wife ($119.04 every 2 weeks). In the event of such an increase, the Husband shall be given the opportunity to pay to the Wife any amount above the 10% increase and provided that the Husband pays said sum to the Wife, the Wife shall continue to maintain the insurance for the Husband;
“(3) March 31, 2013;
“(4) The Husband defaults on his obligations under this Agreement by being 30 days or more behind on any of his financial obligations, except it shall be deemed a default if the Husband fails to pay to the *755 Wife the $40,000.00 in the time period allotted herein;
“(5) The Husband obtains a Judgment of Divorce.”
Decision and Order
Under the terms of the separation agreement, wife is not precluded from bringing the instant action for divorce under Domestic Relations Law § 170 (7), notwithstanding the fact that parties have not been living separate and apart under the agreement for at least one year.
Domestic Relations Law § 170 (7) provides that an action for divorce may be maintained by a husband or wife to obtain a judgment of divorce dissolving the marriage where the “relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath. No judgment of divorce shall be granted under this subdivision unless and until the economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts’ fees and expenses as well as the custody and visitation with the infant children of the marriage have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce.”
It is undisputed that all of the issues set forth in Domestic Relations Law § 170 (7) have been fully resolved by the separation agreement; what remains in this action are the parties’ respective claims of noncompliance. Noncompliance with, or enforcement of, the separation agreement is not an element of Domestic Relations Law § 170 (7) such that the court would be without the authority to grant wife a judgment of divorce based upon the wife’s sworn statement that the parties’ marriage has been irretrievably broken for a period of six months, and the existence of the parties’ separation agreement pursuant to which all financial and ancillary issues have been resolved.
The statute does not require compliance with the terms of an agreement between the parties, and this court is not authorized to add or insert requirements.
Summary judgment is a drastic remedy which is available in all actions, including matrimonial actions, and will only be granted if there are no disputed material facts to warrant a trial (CPLR 3212; see also Nicholas Di Menna & Sons, Inc. v City of New York, 301 NY 118, 121 [1950]).
When adjudicating a motion for summary judgment, it is not the role of the court at that moment to make factual determina *756 tions, but rather the court’s function in deciding the motion is to ascertain the existence of material issues of fact based upon the examination of the proofs set forth by the parties through affidavits based upon personal knowledge (see Behar v Ordover, 92 AD2d 557 [2d Dept 1983]).
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, providing sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such a showing requires a denial of the motion regardless of the sufficiency of the opposition (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Further, when deciding a motion for summary judgment, the court must construe the pleadings in the light most favorable to the nonmoving party (Baker v Briarcliff School Dist., 205 AD2d 652 [2d Dept 1994]).
There are no material issues of fact in the instant action which would bar wife’s entitlement to judgment as a matter of law. Accordingly, branch “a” of wife’s motion is granted.
Branches “b” and “c” are granted to the extent that wife shall submit a proposed judgment of divorce, upon proper notice to the defendant, by September 10, 2012. Branch “d” of wife’s motion is granted to the extent that husband shall pay a sum of $1,500 directly to wife’s counsel by August 15, 2012.
Accordingly, it is hereby ordered that the defendant, Leonard E. Burger, shall pay directly to Joseph & Teeter, EC., attorney(s) for plaintiff, a lump sum amount of $1,500 as and for legal fees attendant with the prosecution and defense of the instant motion, which shall be paid in full on or before August 15, 2012; and it is further ordered, that upon the failure of the defendant to pay plaintiffs counsel as set forth hereinabove, plaintiff’s counsel may file an affidavit of noncompliance with the Clerk of the County who shall enter a judgment, with statutory interest thereon as of the date of this order, in favor of Joseph & Teeter, EC., attorney(s) for plaintiff, without further proceedings; and it is further ordered, that pursuant to the provisions of 22 NYCRR 202.48, proposed judgments shall be submitted on or before September 10, 2012; and it is further ordered, if the proposed judgments are not filed by the above date, the parties and their respective counsel are directed to appear on September 11, 2012 at 9:30 a.m. in IAS part 18, located at 400 Country Seat Drive, Mineóla, New York 11501, to explain why they should not be sanctioned, held in default and/or the action dismissed for their failure to comply with this court’s order (see 22 NYCRR 125.1; subparts 130-1, 130-2; 202.32).
*757 All matters not decided or requests for relief not granted herein are hereby denied.