■ MARCELA HOFFER-ADOU, Respondent, v AZOUHOUNI ADOU, Appellant. [997 NYS2d 7]—

Judgment of divorce, Supreme Court, New York County (Deborah A. Kaplan, J.), entered May 23, 2013, awarding plaintiff sole right, title and possession of the marital residence, which brings up for review an order, same court and Justice, entered February 14, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's summary judgment motion for a judgment of divorce, found the parties' separation agreement to be valid and enforceable, and granted plaintiff wife exclusive occupancy of the marital residence, unanimously affirmed, without costs.

The mutual waiver of maintenance provision in the parties' separation agreement was not unfair and unreasonable when made, and is not now unconscionable. Although the husband's stated income at the time the parties signed the separation agreement was $10,000 and the wife's was $60,000, the husband acknowledged that consideration for his waiver of maintenance included a reduced child support monthly payment of $50 and a payment of $60,000 for the transfer of title to the marital residence. Under these circumstances, we cannot find that the inequality was "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" (*McCaughey v McCaughey*, 205 AD2d 330, 331 [1st Dept 1994] [internal quotation marks omitted]).

We find no merit to the husband's claim, which was not asserted in either his answer or opposing papers, that the waiver of maintenance provision in the separation agreement rendered him at risk of becoming a public charge (*see* General Obligations Law § 5-311). The husband acknowledged in the separation agreement that he was self-supporting, and there was no evidence that he would not be able to support himself, since the record indicates that he was capable of earning in excess of $50,000, as evident by his previous employment as a musical

director. Supreme Court had ample basis to reject his affidavit as an insufficient effort to avoid the consequences of his prior testimony before the Family Court that he was a self-supporting musician, with an annual income of $40,000 (*see Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [1st Dept 2009]).

The husband is estopped from challenging the validity of the separation agreement, since he had accepted substantial benefits due under the agreement for a period of almost three years before challenging it as unconscionable (*see Mahon v Moorman*, 234 AD2d 1, 2 [1st Dept 1996]; *Groper v Groper*, 132 AD2d 492, 496-497 [1st Dept 1987]).

The wife was entitled to ownership of the marital residence, since the separation agreement provided that the wife was entitled "to the exclusive ownership, possession and occupancy" thereof. The husband's claim that $60,000 was not a "fair consideration" for his share in the marital residence, which was purchased for $145,000, but was encumbered by total debt of $175,000 at the time of their separation agreement, is unpersuasive.

Contrary to the husband's contention, the wife was entitled to a judgment of divorce under the no-fault provision of Domestic Relations Law § 170 (7), since her statement under oath that the marriage was irretrievably broken for a period of six months was sufficient to establish her cause of action for divorce as a matter of law (*see Townes v Coker*, 35 Misc 3d 543, 547 [Sup Ct, Nassau County 2012]).

Supreme Court's granting of the divorce did not contradict Domestic Relations Law § 170 (7)'s requirement that "[n]o judgment of divorce shall be granted under this subdivision unless and until the economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts' fees and expenses as well as the custody and visitation with the infant children of the marriage have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce." The parties' separation agreement resolved the issues of child custody and support. Their subsequent commencement in the Family Court of proceedings concerning these issues did not render the court without authority to grant the divorce, since "[n]oncompliance with, or enforcement of, the separation agreement is not an element of Domestic Relations Law § 170 (7)" (*Burger v Burger,* 36 Misc 3d 752, 755 [Sup Ct, Nassau County 2012]).

We have considered the husband's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.