■ MARZIA FRASSINELLI et al., Respondents, v 120 EAST 73RD STREET CORP. et al., Appellants/Third-Party Plaintiffs-

Appellants, and TIFFANY HEATING SERVICES, INC., Respondent/
Third-Party Defendant-Respondent, et al., Defendant/Third-
Party Defendant. (And a Second Third-Party Action.) [24 NYS3d
633]—

Order, Supreme Court, New York County (Carol R. Edmead,
J.), entered August 13, 2015, which, to the extent appealed
from as limited by the briefs, denied the motion of defendants
120 East 73rd Street Corp., Ocram, Inc., and Ocram Holding,
Inc. (collectively Ocram) for summary judgment dismissing the
complaint as against them, and granted the motion of defend-
ant Tiffany Heating Services, Inc. (Tiffany) for summary judg-
ment dismissing the complaint and all cross claims as against
it, unanimously modified, on the law, to grant Ocram's motion,
and otherwise affirmed, without costs. The Clerk is directed to
enter judgment accordingly.

Ocram established entitlement to judgment as a matter of
law, in this action where plaintiff Marzia Frassinelli alleges
that she was injured when she was scalded by water while
showering. Ocram submitted evidence showing that the boiler
system in the building was regularly inspected, and there was
no prior notice of fluctuating water temperatures (see Flores v
Langsam Prop. Servs. Corp., 63 AD3d 502 [1st Dept 2009], affd
13 NY3d 811 [2009]). In opposition, plaintiffs failed to raise a
triable issue of fact. Reliance on the 1968 Building Code and
2008 Plumbing Code is misplaced, since the building was not
subject to those codes, and there is no support for plaintiffs'
claim that the bathroom was negligently designed. Further-
more, the opinions proffered by plaintiffs' expert were conclu-
sory and insufficient to raise a triable issue of fact (see gener-
ally Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9
[2005]).

Dismissal of the action as against Tiffany was warranted
because there is no evidence that Tiffany was in any way
negligent where it was not under a contract to maintain the
boiler, nor did it perform any work on the boiler prior to the ac-
cident. It is uncontested that there were no issues with the
boiler for over a month after Tiffany performed an annual
inspection of the boiler, and while plaintiffs' expert inspected
the valve that allegedly failed, he did not point to any defect in
the valve that could have caused a sudden temperature fluctua-
tion. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Fein-
man, JJ.