■ Joshua Ambrose, Respondent, v Meghan Ambrose, Appellant. [52 NYS3d 669]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated January 6, 2016. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action for a divorce and ancillary relief, the plaintiff seeks a no-fault divorce pursuant to Domestic Relations Law § 170 (7). In the complaint, the plaintiff alleged, inter alia, that the marital relationship had irretrievably broken down for a

continuous period of more than six months. According to the allegations in the complaint, although the parties were married in California, the parties resided together in New York at the time of the commencement of the action. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court denied the motion. We affirm.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

Here, affording the complaint a liberal construction and according the plaintiff the benefit of every possible favorable inference, the complaint states a cause of action for a divorce pursuant to Domestic Relations Law § 170 (7). The complaint sufficiently alleges that the relationship between the plaintiff and the defendant had broken down irretrievably for a period of at least six months (*see* Domestic Relations Law § 170 [7]; *Hoffer-Adou v Adou*, 121 AD3d 618, 619 [2014]). Furthermore, contrary to the defendant's contention, the allegations in the complaint are sufficient to satisfy the residency requirements set forth in Domestic Relations Law § 230 (4) (*cf. Stancil v Stancil*, 47 Misc 3d 873 [Sup Ct, NY County 2015]).

Accordingly, the defendant's motion was properly denied. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.