Lowenstern v Sherman Sq. Realty Corp. (2018 NY Slip Op 06616)





Lowenstern v Sherman Sq. Realty Corp.


2018 NY Slip Op 06616


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7225 159528/14

[*1]Barbara A. Lowenstern, Plaintiff-Respondent,
v
Sherman Square Realty Corp., et al., Defendants-Appellants.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellants.
Queller, Fisher, Washor, Fuchs & Kool, LLP, New York (Christopher L. Sallay of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about November 3, 2017, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint in its entirety, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The defendants made a prima facie showing of entitlement to summary judgment based on the storm-in-progress doctrine through the submission of their witness's and a nonparty witness's deposition testimony, as well as certified meteorological data and an affidavit from a meteorologist, all of which establish that there was a storm in progress at the time of plaintiff's accident (see Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618 [1st Dept 2013]). In addition, the building surveillance videos show that snow was falling at the time of plaintiff's accident.
Plaintiff's conclusory deposition testimony that it was not snowing at the time of her accident fails to raise a triable issue of fact.
Nor has plaintiff demonstrated that defendants' pre-salting of the subject sidewalk created or exacerbated a dangerous condition. Defendants submitted competent evidence that pre-salting the sidewalk was reasonable and prudent under the circumstances, and plaintiff's speculation that a jury could conclude otherwise was insufficient to defeat defendants' motion (see Caraballo v Kingsbridge Apt. Corp., 59 AD3d 270 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK