Unclaimed Prop. Recovery Serv., Inc. v Credit Suisse First Boston Corp. (2019 NY Slip Op 03547)





Unclaimed Prop. Recovery Serv., Inc. v Credit Suisse First Boston Corp.


2019 NY Slip Op 03547


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9235 653009/13

[*1]Unclaimed Property Recovery Service, Inc., et al., Plaintiffs-Appellants,
v
Credit Suisse First Boston Corporation, et al., Defendants-Respondents.


Paul Batista, P.C., New York (Paul Batista of counsel), for appellants.
Bracewell LLP, New York (Joshua Klein of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 26, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, with costs.
The court correctly found that the parties' agreement provided only for recovery of specific unclaimed funds, and defendants' failure or refusal to execute a subsequent document to expand the terms of the original agreement did not constitute breach of contract (Banco Espírito Santo, S.A. v Concessionária Do Rodoanel Oeste S.A., 100 AD3d 100, 106 [1st Dept 2012]). Plaintiffs' speculation and conjecture that defendants had a secret plan to deprive them of their earned fees is unsupported by the record and insufficient to defeat defendants' motion (see Caraballo v Kingsbridge Apt. Corp., 59 AD3d 270, 270 [1st Dep 2009]).
Finally, plaintiffs' claim that defendants' motion for summary judgment was impermissibly based on an attorney's affirmation and the affirmation of someone without personal knowledge is incorrect. An attorney's affirmation may be used to submit evidence in admissible form, such as documents and transcripts, which is precisely what the attorney's affirmation did here (Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Moreover, the affirmation from the director of the New York State Office of Unclaimed Funds (NYSOUF) was properly admitted to demonstrate his knowledge of the procedures of NYSOUF.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK