**Hughey v Brown Bros. Harriman & Co.**

2024 NY Slip Op 33431(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 151872/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO

*Justice*

------------------------------------------------------------------X

LISA SMITH HUGHEY,

Plaintiff,

- v -

BROWN BROTHERS HARRIMAN & CO., 140 BROADWAY, LLC, JLL MANAGEMENT CORP., HARVARD PROTECTION SERVICES, SCHINDLER ELEVATOR CORPORATION

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 151872/2023 |
| MOTION DATE | 09/21/2024 |
| MOTION SEQ. NO. | 007 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 007) 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 178, 179, 180, 181, 182, 183, 186, 187

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and after oral argument, which took place on July 25, 2024, where Michael A. Simon, Esq. appeared for Plaintiff Lisa Smith Hughey ("Plaintiff") and David S. Gronsman, Esq. appeared for Defendant Harvard Protection Services ("Harvard"), Harvard's motion for summary judgment seeking dismissal of all claims and crossclaims asserted against it is granted.

## I.     Background

This is an action for alleged personal injuries sustained from an allegedly defective elevator located at 140 Broadway, New York, New York (the "Premises") (*see generally* NYSCEF Doc. 1). Plaintiff allegedly fell on December 14, 2022, when the elevator she was riding suddenly dropped from the 34th to the 27th floor (*id.*). The Premises are owned and managed by the Defendants 140 Broadway, LLC ("140 Broadway") and JLL Management Corp. ("JLL"). Defendant Schindler Elevator ("Schindler") was the elevator service provider prior to and on the

151872/2023  HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL
Motion No. 007

Page 1 of 5

date of Plaintiff's accident. Defendant Brown Brothers Harriman & Co. is a tenant on the Premises, and Harvard provides private security for the building.

Harvard now moves for summary judgment arguing it never had responsibility for maintaining the elevators and therefore violated no duty to the plaintiff. Harvard also argues it never had actual or constructive notice of any defective condition regarding the elevator in question, and there is no evidence that Harvard acted negligently.

Michael McDermott, the assistant general manager of the Premises, testified that Harvard had no responsibility for elevator maintenance aside from logging any reports if brought to their attention and answering the phone if someone in the elevator needed assistance. Harvard was hired to manage security in the building (*id.* at 9:21-23). Mr. McDermott testified that JLL hired a third-party elevator consultant named DTM to review maintenance records to ensure Schindler was properly maintaining the elevators (*id.* at 28:9-18).

Howard Temkin, a Harvard representative, also testified. Mr. Temkin testified that once a person trapped in an elevator called the front desk, a Harvard employee would pick up and radio the in-house Schindler mechanic. The Harvard employee who answers the phone would prepare the incident report. Mr. Temkin confirmed that Harvard has no contract with Schindler and that Harvard has no responsibility for examining the elevators (NYSCEF Doc. 171 at 27:1-3). Mr. Temkin testified it was the elevator mechanic employed by Schindler who made determinations regarding shutting down elevators (*id.* at 27:15-21).

Chris Raggi, the in-house mechanic for Schindler at the Premises testified that Harvard does not inspect, repair, or maintain the elevators aside from checking the fire service and intercoms in the elevator (NYSCEF Doc. 172 at 65:8-25). Mr. Raggi further testified it is his responsibility to, on a day-to-day basis, ensure the elevators are fully operational (*id.* at 17-18).

**151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL**               **Page 2 of 5**
**Motion No.  007**

2 of 5

[* 2]

Plaintiff testified when her incident happened, she pressed the emergency button and someone spoke to her over the intercom (NYSCEF Doc. 169 at 30:19-23). She testified the person told her they would get somebody to help and not long after the elevator doors opened, and she was able to get off (*id.* at 31-32). She testified she never spoke to anyone from Harvard about the incident (*id.* at 66:9-12).

Harvard argues summary judgment dismissing the complaint is appropriate as it had no contractual duty to maintain the elevators and therefore cannot be held liable for an elevator's alleged malfunction. Plaintiff is the only party to oppose Harvard's motion, and therefore the crossclaims asserted against Harvard are all dismissed as abandoned. Plaintiff asserts there are triable issues of fact as to Harvard's liability because there is deposition testimony that they were the first to be notified in the event of an issue on the elevators. Plaintiff argues that if Harvard failed to prepare an incident report regarding a specific elevator, the issue with the elevator could have gone unnoticed, which she claims is a triable issue of fact. In reply, Harvard argues that Plaintiff has failed to tender evidence to demonstrate a material issue of fact and instead relies on mere conjecture and speculation. Harvard also argues that Plaintiff cites to no precedent where a building security company is considered potentially liable for an incident which occurs in a building's elevator.

## II.     Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]).

**151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL**           **Page 3 of 5**
**Motion No.  007**

3 of 5

[* 3]

Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

It is axiomatic that in order to establish a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a duty, breached that duty, and that the breach damaged the plaintiff (*Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458 [1st Dept 2016]). Here, it is undisputed that Plaintiff was allegedly injured due to an allegedly defective elevator. It is further undisputed by the documentary evidence and testimony of multiple fact witnesses that Harvard had no responsibility to maintain or inspect the elevators where Plaintiff was injured. In fact, Defendant Schindler's witness admitted that it was his responsibility to inspect the elevators daily to ensure they were fully operational. Moreover, 140 Broadway and JLL hired a third-party auditor to monitor Schindler's performance in maintaining the elevators. Meanwhile, the contract between Harvard and JLL likewise places no obligation on Harvard to maintain the elevators. Simply put, Harvard was contracted to provide security to the building, not to maintain or inspect the elevators.

This case is analogous to *Frassinelli v 120 East 73rd Street Corp.*, 136 AD3d 476 (1st Dept 2016). In *Frassinelli*, the First Department affirmed summary judgment dismissing a complaint against Tiffany Heating Services, Inc. ("Tiffany") in a personal injury action arising from a plaintiff being injured from hot water while showering. The Plaintiff alleged the hot water was a result of improper maintenance of the building's boiler. The First Department found that Tiffany was not negligent because it was (a) not under contract to maintain the boiler and (b) did not perform any work on the boiler prior to the accident (*id.* at 477). So too here, Harvard was not

151872/2023  HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL          Page 4 of 5
Motion No. 007

[* 4]                                    4 of 5

contracted to maintain the elevator nor did it perform any work on the elevator prior to Plaintiff's accident.

While Plaintiff attempts to defeat summary judgment by hypothesizing that there may have been incidents with the elevator in question that Harvard knew about and did not report to Schindler, there is no evidence of this and it is merely speculation. It is axiomatic that negligence must be based on something more than conjecture and mere speculation (*Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302 [1st Dept 2006]). Plaintiff's speculation and conjecture, rather than admissible evidence, is insufficient to sustain an action on a motion for summary judgment (*Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [1st Dept 2009]). Therefore, Harvard's motion for summary judgment is granted.

Accordingly, it is hereby,

ORDERED that Defendant Harvard Protection Services' motion for summary judgment is granted in its entirety, and all claims and crossclaims asserted against it are hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant Harvard shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | *May V Rout JSC* | |
|-----------|--|--|--|------------------|--|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | x | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151872/2023   HUGHEY, LISA SMITH vs. BROWN BROTHERS HARRIMAN & CO. ET AL    Page 5 of 5
Motion No. 007

5 of 5