**Bolouvi v Brown Bros. Harriman & Co.**

2024 NY Slip Op 33427(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 151103/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART                    33M

                                                    *Justice*

---------------------------------------------------------------X

KOFFI BOLOUVI,

                           Plaintiff,

              - v -

BROWN BROTHERS HARRIMAN & CO., 140 BROADWAY,
LLC,JLL MANAGEMENT CORP., HARVARD PROTECTION
SERVICES, SCHINDLER ELEVATOR CORPORATION

                       Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151103/2023 |
| MOTION DATE | 09/10/2024 |
| MOTION SEQ. NO. | 014 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 014) 246, 247, 248, 249,
250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 265, 266, 267, 281
were read on this motion to/for                          JUDGMENT - SUMMARY                          .

      Upon the foregoing documents, Harvard Protection Services' motion for summary

judgment seeking dismissal of all claims and crossclaims asserted against it is granted.

## I.      Background

      This is an action for alleged personal injuries sustained from an allegedly defective elevator

located at 140 Broadway, New York, New York (the "Premises") (*see generally* NYSCEF Doc.

1). Plaintiff allegedly fell on October 6, 2022, when the elevator he was riding suddenly dropped

from the 27th to the 26th floor (*id.*). He fell again on December 14, 2022, when a different elevator

in the same building dropped from the 34th floor to the 28th or 29th floor. The Premises are owned

and managed by Defendants 140 Broadway, LLC ("140 Broadway") and JLL Management Corp.

("JLL"). Defendant Schindler Elevator ("Schindler") was the elevator service provider prior to and

on the date of Plaintiff's accident. Defendant Brown Brothers Harriman & Co. is a tenant on the

Premises, and Harvard provides private security for the building.

**151103/2023  BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**        **Page 1 of 5**
**Motion No. 014**

1 of 5

Plaintiff testified at his deposition that the elevator "bounced" between the 27th and 26th floor (NYSCEF Doc. 257). He pressed the emergency button. Eventually the elevator reached the 26th floor and the doors opened. A security employee greeted Plaintiff.

Michael McDermott testified on behalf of JLL and 140 Broadway (NYSCEF Doc. 258). Mr. McDermott testified JLL was the managing agent of the Premises. Mr. McDermott testified the Premises retains a third-party auditor to ensure Schindler is properly maintaining the elevators (*id.* at 20:16-23). Mr. McDermott testified that Harvard has no responsibility to maintain or repair the elevators, nor does it give any input into elevator maintenance (*id.* at 62:17-24).

Kenneth Hardiman is the director of security and testified on behalf of Harvard (NYSCEF Doc. 259). Mr. Hardiman testified that if someone was stuck in an elevator, they would push the call button which would direct them to a Harvard employee who would relay the elevator issue to Schindler (*id.* at 18:13-23). Mr. Hardiman testified Harvard does not have any joint meetings with Schindler (*id.* at 24:6-9).

Chris Raggi testified on behalf of Schindler (NYSCEF Doc. 260). Mr. Raggi testified it is part of his daily routine to ensure the elevators are running and that he personally rides each car (*id.* at 14:6-13). He also testified that if there are any complaints from the night before he addresses them at the beginning of his day (*id.*). He further testified that he monitors "fault logs" which track issues with each elevator (*id.* at 16-17). Mr. Raggi confirmed that Harvard's role was limited to safety in the building (*id.* at 42:4-8). Mr. Raggi confirmed that as it relates to elevators, Harvard simply notified Schindler when there was an issue with an elevator (*id.* at 44).

Harvard moves for summary judgment arguing it never had responsibility for maintaining the elevators and therefore violated no duty to the plaintiff. Harvard also argues it never had notice of any defective condition regarding the elevator in question, and there is no evidence that Harvard

**151103/2023  BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**          **Page 2 of 5**
**Motion No.  014**

[* 2]                                          2 of 5

acted negligently. Plaintiff is the only party to oppose Harvard's motion, and therefore the crossclaims asserted against Harvard are all dismissed as abandoned. Plaintiff asserts there are issues of fact as to Harvard's liability because they were the first to be notified in the event of an issue on the elevators. Plaintiff argues that if Harvard failed to prepare an incident report regarding a specific elevator, the issue with the elevator could have gone unnoticed, which she claims is a triable issue of fact. In reply, Harvard argues that Plaintiff failed to tender evidence to demonstrate a material issue of fact and instead relies on mere conjecture and speculation.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

It is axiomatic that in order to establish a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a duty, breached that duty, and that the breach damaged the plaintiff (*Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458 [1st Dept 2016]). Here, it is undisputed that Plaintiff was injured due to a defective elevator. It is further undisputed by the documentary evidence and testimony of multiple fact witnesses that Harvard had no responsibility to maintain or inspect the elevators where Plaintiff was injured. In fact, Defendant Schindler's witness admitted that it was his responsibility to inspect the elevators daily to ensure

**151103/2023   BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**                    **Page 3 of 5**
**Motion No.  014**

3 of 5

[* 3]

they were fully operational. Moreover, 140 Broadway and JLL hired a separate third-party auditor to monitor Schindler's performance in maintaining the elevators. Meanwhile, the contract between Harvard and JLL places no obligation on Harvard to maintain the elevators. Simply put, Harvard was hired to provide security to the building, not to maintain or to inspect the elevators.

This case is analogous to *Frassinelli v 120 East 73rd Street Corp.*, 136 AD3d 476 (1st Dept 2016). In *Frassinelli*, the First Department affirmed summary judgment dismissing a complaint against Tiffany Heating Services, Inc. ("Tiffany") in a personal injury action arising from a plaintiff being injured from hot water while showering. The Plaintiff alleged the hot water was a result of improper maintenance of the building's boiler. The First Department found that Tiffany was not negligent because it was (a) not under contract to maintain the boiler and (b) did not perform any work on the boiler prior to the accident (*id.* at 477). So too here, Harvard was not contracted to maintain the elevator, nor did it perform any work on the elevator prior to Plaintiff's accident.

While Plaintiff attempts to defeat summary judgment by hypothesizing that there may have been incidents with the elevator in question that Harvard knew about and did not report to Schindler, there is no evidence of this, and it is merely speculation. It is axiomatic that negligence must be based on something more than conjecture and mere speculation (*Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302 [1st Dept 2006]). Plaintiff's speculation and conjecture, rather than admissible evidence, is insufficient to sustain an action on a motion for summary judgment (*Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [1st Dept 2009]). Therefore, Harvard's motion for summary judgment is granted.

[* 4]

Accordingly, it is hereby,

ORDERED that Defendant Harvard Protection Services' motion for summary judgment is granted in its entirety, and all claims and crossclaims asserted against it are hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant Harvard shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | *Mary V Rosat JSC* |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151103/2023  BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**
**Motion No.  014**

Page 5 of 5

5 of 5

[* 5]