Adebanjo v Johnson (2024 NY Slip Op 05395)

Adebanjo v Johnson

2024 NY Slip Op 05395

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 451868/20 Appeal No. 2929 Case No. 2024-00027 

[*1]Saheed O. Adebanjo, Plaintiff-Respondent,
v
Charles L. Johnson, Defendant-Appellant.

Charles L. Johnson, appellant pro se.
Milbank LLP, New York (Morgan M. Williams of counsel), for respondent.

Judgment, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about February 16, 2024, and bringing up for review orders entered on or about May 7, 2021, same court (Lori S. Sattler, J.), which directed defendant to file a net worth statement prior to the preliminary conference so that the court could address his request for poor person relief and denied defendant's request for an anonymous caption during the pendency of the divorce action (motion sequence 2), August 11, 2022, same court (Kathleen Waterman-Marshall, J.), which denied defendant's motion for leave to file a first amended answer with counterclaims, to strike plaintiff's statement of net worth, for pendente lite maintenance and arrears, for counsel and expert fees, for a writ of replevin and order of seizure for a hard drive disk, phone, and two scarves (motion sequence 4 and 5), February 28, 2023, same court and Justice, which denied defendant's motion for a stay of proceedings pending appeal, for poor person relief, and for Justice Waterman-Marshall to recuse herself (motion sequence 6), May 15, 2023, same court and Justice, which denied defendant's motion to settle the transcripts from the proceedings on motion sequence 4 and 5, dated May 3, 2022, the discovery conference held on August 18, 2022, and the status conference held on December 7, 2022 (motion sequence 7), May 15, 2023, same court and justice, which denied defendant' s motion to file a second amended answer and counterclaims and held that plaintiff was entitled to an inquest as the grounds for divorce (motion sequence 8), and June 20, 2023, same court and justice, which denied defendant's second attempt to anonymize the caption and to vacate the inquest (motion sequence 9), unanimously affirmed, with costs.
Initially, defendant's arguments regarding the court's denying his first motion for leave to replead, and denying his motion to strike plaintiff's statement of net worth, for pendente lite support, counsel and expert fees, and a writ of replevin and order of seizure are precluded by his failure to perfect his appeal from the orders and the dismissal of his appeal therefrom (Bray v Cox, 38 NY2d 350, 353 [1976]; Fellner v Aeropostale, Inc., 150 AD32d 598, 599 [1st Dept 2017]). We decline to exercise our discretion to review these matters. In addition, defendant's arguments regarding the trial court's August 18, 2022, discovery order are likewise precluded as the appeal therefrom was previously dismissed by this Court (see Adebango v Johnson, 2022 NY Slip Op 74294[U] [1st Dept 2022]).
Entry of the judgment of divorce renders the remainder of defendant's orders here nonappealable. Pursuant to CPLR 5501(a)(1), an appeal from a final judgment brings up for review any "non-final judgment or order which necessarily affects the final judgment . . . and which, if reversed, would entitle the respondent to prevail in whole or in part on that appeal" (see also Matter of Aho, 39 NY2d 241, 248 [1976] ["[*2]any right of direct appeal from the . . . order terminated with the entry of the . . . judgment . . . . Appellate review of that intermediate order was thereafter available only on appeal from the final judgment on the ground asserted, namely that such order necessarily affected such judgment"]). "[T]o determine whether a nonfinal order 'necessarily affects' the final judgment . . . [the question is] whether 'reversal would inescapably have led to a vacatur of the judgment,' or 'whether the nonfinal order 'necessarily removed [a] legal issue from the case' so that 'there was no further opportunity during the litigation to raise the question decided by the prior non-final order'" (Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2012] [internal quotation marks and citations omitted]).
The trial court's orders granting and affirming confidentiality of plaintiff's address, declining to anonymize the case caption, declining to settle the transcripts from conferences, and declining to afford defendant leave to replead a second time, given the failure to comply with the CPLR 3016 specificity requirements related to his counterclaims, did not "necessarily affect" the final judgment, in this case, the grant of a no-fault divorce to plaintiff pursuant to Domestic Relations Law § 170(7).
The court properly held an inquest on plaintiff's no-fault divorce. As Domestic Relations Law § 170(7) requires that one party state under oath that the marriage "has broken down irretrievably for a period of at least six months," an inquest was necessary (see Hoffer-Adou v Adou, 121 AD3d 618, 619 [1st Dept 2014]).
Finally, we conclude that Justice Waterman-Marshall's denial of defendant's motion for her recusal was not an abuse of discretion (see Matter of Murphy, 82 NY2d 491, 495 [1993]; People v Moreno, 70 NY2d 403, 405-406 [1987]). A review of the record, including transcripts and orders, reflects no evidence of bias by the court. Rather, Justice Waterman-Marshall advised defendant of proper parameters of discovery, what was necessary to revise his proposed amended answer and counterclaims, advised him to seek legal assistance, and afforded him an opportunity to question plaintiff at the inquest regarding purported marital debt, an opportunity we observe he declined.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024